IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BLYTHE AND SEAN MCDONNELL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:17-cv-00146-DGK |
| ) | |
| NATIONSTAR MORTGAGE LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT FIELD ASSET SERVICES, LLC A/K/A ASSURANT FIELD SERVICES, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COUNT I OF PLAINTIFF'S PETITION

COMES NOW Defendant Field Asset Services, LLC a/k/a Assurant Field Services, LLC ("FAS"), by and through its counsel of record and, in support of its motion to dismiss, states:

### I. INTRODUCTION

This action was originally filed in state court, in the Circuit Court of Jackson County, Missouri, on January 23, 2017. (Plaintiff's Petition for Damages, attached hereto as Exhibit 1). On February 28, 2017, the case was removed to this Court. (ECF No. 3).

Plaintiffs have alleged that Blythe McDonnell is the titled owner of real property located at 8941 McGee, Kansas City, Missouri 64114. Plaintiffs allege that Sean McDonnell is the husband of Blythe McDonnell, but do not allege that he is a titled owner of the real property at issue in this case. After Plaintiff Blythe McDonnell defaulted on her mortgage payments, and an inspection revealed that the property was vacant, Plaintiffs allege that Defendant FAS undertook to perform services with respect to the property, including performing inspections, entering the property to change out the locks, winterize the property, mow the grass, and trim vegetation. At some point prior to an inspection, which concluded that the property was vacant, Plaintiffs

vacated the property and currently reside at a different home, located at 17804 E. 215th Street, Peculiar Missouri 64078. (See Pls' Petition for Damages at p.1, caption, Exhibit 1).

Plaintiffs have not alleged that they purchased services which they allege were performed at the property by Defendant FAS. Plaintiffs do not allege that those services were purchased "in connection with" any transaction involving the real estate. Instead, Plaintiffs assert only that they granted a deed of trust to a non-party, third-party, mortgage company and then assert, generally, that Defendants "employed deception, fraud, a false promise or pretense, misrepresentation, unfair practice, and/or concealment, suppression and/or omission of material facts in its ongoing mortgage transactions with Plaintiffs...." (Pl's Petition for Damages, Exhibit 1, at ¶ 35). Plaintiffs do not plead any facts that would demonstrate that Defendant FAS had any connection to "ongoing mortgage transactions." (See Pls' Petition, Exhibit 1, generally). Moreover, Plaintiffs then allege generically that "the unlawful actions of Defendants and/or their agents occurred in connection with the sale or advertisement of merchandise in trade or commerce, specifically mortgage loan transactions." (Pls' Petition for Damages, Exhibit 1, at ¶ 34).

Plaintiffs do not plead any facts relating to any "mortgage loan transactions" that would provide a plausible basis to support a claim that acts of Defendant FAS were "in connection with" a "purchase" relating to "mortgage loan transactions." Plaintiffs do not identify the "mortgage loan transactions" at issue, and do not otherwise demonstrate that Plaintiffs purchased any such services at any time.

Therefore, Plaintiffs cannot state a claim against Defendant FAS pursuant to the Missouri Merchandising Practices Act, §§ 407.020 *et seq.*, and thus the Court should dismiss Count I of Plaintiffs Petition for Damages against Defendant FAS.

## II. QUESTION PRESENTED

1. Do Plaintiffs state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6), against defendant FAS, for violations of the Missouri Merchandising Practices Act, §§ 407.020, *et seq.*?

## III. STANDARD OF REVIEW

"In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Kelly v. Cape Cod Potato Chip Co.*, 81 F. Supp. 2d 754, 757 (W.D. Mo. 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). "A complaint is plausible if its 'factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)). "The complaint must contain more than mere labels and conclusions or a formulaic recitation of the elements of the claim." *Id.* (citing *Bell Atl. Corp. v. Twomby*, 550 U.S. 544, 594, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "For purposes of a Rule 12(b)(6) motion, the court must accept the allegations of the complaint as true; however, the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (citing *Iqbal*, 556 U.S. at 678).

## IV. ARGUMENT AND AUTHORITY

**Neither Plaintiff Sean McDonnell nor Blythe McDonnell Can State a Claim Pursuant to the Missouri Merchandising Practices Act Against Defendant FAS**

3

Plaintiffs, Sean McDonnell and Blythe McDonnell, have both failed to state a claim in their Petition for Damages against Defendants FAS under the Missouri Merchandising Practices Act. Plaintiffs do not allege that Plaintiff Sean McDonnell made a purchase of real estate or a mortgage loan in their Petition. (Pl's Petition for Damages, Exhibit 1, generally). Plaintiffs do not allege that Plaintiff Blythe McDonnell made a purchase involving services provided by Defendant FAS, or demonstrate under any facts how any of the services provided by FAS were purchased by Plaintiffs at any time. The only thing Plaintiffs allege in the petition is that they "granted First Magnus Financial Corporation a deed of trust secured by the Premises and recorded the same...." (Pls' Petition for Damages, Exhibit 1, at ¶ 6). Plaintiff Blythe McDonnell does not state how that transaction involves FAS (sued as "Assurant"), or the services they allege were provided by FAS. Plaintiffs do not allege or assert how Plaintiff Sean McDonnell, or how Plaintiff Blythe McDonnell, were damaged in connection with any purchase of any services, or the advertisement thereof, in connection with FAS. Plaintiffs are required to do so in order to state a plausible claim under the MMPA against FAS.

The MMPA makes unlawful "[t]he act, use or employment...of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce." Mo. Rev. Stat. § 407.020.1 (2016). "[S]ection 407.020.1 prohibits the use of the enumerated deceptive practices if there is a relationship between the sale of merchandise and the alleged unlawful action." *Conway v. Citimortgage, Inc.*, 438 S.W.3d 410, 414 (Mo. banc 2014). However, a service is not in connection with a sale of a loan if "that was

4

not a service the lender agreed to sell or the borrower agreed to buy when the parties agreed to the loan." *Watson v. Wells Fargo Home Mortg., Inc.*, 438 S.W.3d 404, 408 (Mo. banc 2014).

In a recent case, the Eighth Circuit Court of Appeals determined that *Conway and Watson* did "not supply a reasonable basis in law for the [Plaintiffs'] MMPA claim" against a trustee under a deed of trust. *Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 895 (8th Cir. 2014) (citing *Conway*, 438 S.W.3d at 413)). The Eight Circuit held that "the *Conway* court made clear that its rationale turned on the continuing nature of the lender-borrower relationship." *Id.* "As the court explained, "[b]ecause [the lender and the borrower] must continue to perform…duties for the life of the loan, the sale continues throughout the time the parties perform their duties." *Id.* (citing *Conway*, 438 S.W.3d at 415)). "Consequently, an action taken while performing these continuing duties is 'in connection with' the sale of a loan." *Id.* "Unlike the defendants in *Conway* and *Watson*, [the trustee] did not assume a continuing duty to service the [plaintiffs'] loan." *Id.* "Instead, the deed of trust established a narrow, contingent role for [trustee] in the event that the [plaintiffs] defaulted." *Id.* "Because [trustee] did not 'continue to perform' these duties 'for the life of the loan,' *see id.*, the rule established by *Conway* and *Watson* does not apply to a trustee[.]" *Id.*

The same reasoning that the Eighth Circuit applied in *Wivell* applies to the present case. Defendant FAS is not a lender, nor do Plaintiffs allege that it is. Defendant FAS does not service any loan, nor do Plaintiffs allege that it does. Defendant FAS did not assume a continuing duty to service either Plaintiff's loan, nor do Plaintiffs allege that it did. Instead, like the trustee in *Wivell*, the allegations demonstrate that Defendant FAS has a narrow, contingent role in the event of default by Plaintiffs. Defendant FAS provides property preservation services in the

event that Plaintiffs default on their mortgage obligation, and if they are hired to do so by a holder of the deed of trust. Property preservation services was not a service that was sold to Plaintiff Blythe McDonnell in connection with her mortgage loan, nor was it a service that was purchased by Plaintiff Blythe McDonnell in connection with her mortgage loan. Defendant FAS did not assume any duty, much less a continuing duty, to service Plaintiff Blythe McDonnell's mortgage loan. Defendant FAS did not "continue to perform" these duties for the life of the loan. *Id.* at 895. Instead, upon Plaintiffs' default of the terms of the mortgage loan, Defendant FAS provided property preservation services to the property.

Plaintiffs have not alleged that Plaintiffs have performed all of their required duties under the mortgage loan agreements and the deed of trust. Plaintiffs have not pleaded that they did not default under the mortgage loan agreements and the deed of trust. Plaintiffs have not alleged that Plaintiffs agreed to purchase the continuing services of Defendant FAS "in connection with" the sale or advertisement of the mortgage loan. Plaintiffs have not even alleged that they made any purchase of any of the services performed by Defendant FAS. Instead, Plaintiffs simply point to a narrow, contingent provision that they have taken outside of a much larger paragraph in the deed of trust, that they allege states: "that if borrower has abandoned the property, the Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under the security instrument, including protecting and/or repairing the Property ('the Entry Provision)." (Pl's Petition for Damages, Exhibit 1, at ¶ 8).

Plaintiffs generally allege that Defendants, including FAS, "employed deception, fraud, a false promise or pretense, misrepresentation, unfair practice, and/or concealment, suppression and/or omission of material facts in its ongoing mortgage transactions with Plaintiffs, as

6

specifically described throughout the preceding paragraphs." (Pl's Petition for Damages, Exhibit 1, at ¶ 33). "That the unlawful actions of Defendants and/or their agents occurred in connection with the sale or advertisement of merchandise in trade or commerce, specifically **mortgage loan transactions**." (Pl's Petition for Damages, Exhibit 1, at ¶ 34) (emphasis added). "That Plaintiffs' loss occurred as a result of the purchase of merchandise primarily for personal, family, or household purposes, specifically **real estate** referred to herein as the Premises." (Pl's Petition for Damages, Exhibit 1, at ¶ 36) (emphasis added).

The "preceding paragraphs" in which FAS (referred to as simply "Assurant" in Plaintiffs' Petition) is mentioned, include the following: "That on or about September 20, 2016, Assurant, as an agent of Nationstar, left a notice posted on the door of the Premises that it inspected the property and found it to be vacant. Said notice also advised the Plaintiffs to call a specific telephone number in the event that the Premises was not vacant." (Pl's Petition for Damages, Exhibit 1, at ¶ 10). "That on the evening of September 21, 2016, Plaintiffs went to the Premises and discovered the aforementioned notice left by Assurant on the door." (Pl's Petition for Damages, Exhibit 1, at ¶ 11). "That on September 22, 2016, Plaintiff Sean McDonnell called the number on the notice as instructed and advised Assurant, as an agent of Nationstar, that the Premises was not vacant and specifically stated that he did not permit anyone to enter the Premises." (Pl's Petition for Damages, Exhibit 1, at ¶ 12).

"That on September 24, 2016, despite being advised by Plaintiff Sean McDonnell that the Premises was not vacant, Assurant, as an agent of Nationstar, entered onto the Premises, without Plaintiffs' knowledge or consent and mowed the grass, trimmed the trees, and removed personal items from the Plaintiffs' yard." (Pl's Petition for Damages, Exhibit 1, at ¶ 13). "That after

7

learning Assurant had entered upon the Premises earlier that day as described in the previous paragraph, Plaintiff Sean McDonnell again called Assurant and expressed his outrage that Assurant, as an agent of Nationstar, came onto his property and reiterated that Assurant was not allowed or permitted to return to the Premises." (Pl's Petition for Damages, Exhibit 1, at ¶ 14). "That on September 25, 2016, without Plaintiffs' knowledge or consent, Assurant, acting as an agent of Nationstar, again returned to the Premises despite Plaintiff Sean McDonnell's proper notification that the Premise [sic] was not vacant and his demand that Assurant not return." (Pl's Petition for Damages, Exhibit 1, at ¶ 15).

"That, in an effort to gain entry into the interior of the Premises, Assurant, as an agent of Nationstar, climbed over Plaintiffs' locked exterior gated fence, removed the deadbolt from the back door, and broke off the rear door knob to open the backdoor." (Pl's Petition for Damages, Exhibit 1, at ¶ 16). "That Assurant, as an agent of Nationstar, entered the Premises and drained the toilets, poured antifreeze into them and covered them in cellophane; turned off the power at the breaker box; opened up every cabinet door; and removed bags containing Plaintiffs' personal belongings from the house." (Pl's Petition for Damages, Exhibit 1, at ¶ 17). "That Assurant, as an agent of Nationstar, also changed the locks on the back door." (Pl's Petition for Damages, Exhibit 1, at ¶ 18).

Specifically, the services alleged to have been unlawful acts, provided by Defendant FAS were not "in connection" with the sale of a mortgage loan transaction, nor were they "in connection" with the purchase of real estate. Plaintiffs do not allege that they purchased these services as a part of their mortgage loan transactions, or as a part of the real estate.

In fact, the above paragraphs alleged by Plaintiffs do not demonstrate that any "deception, fraud, false pretense, false promise, misrepresentation, unfair practice, or the concealment, suppression, or omission of any material fact" occurred "in connection with" a sale of mortgage loan transactions or real estate. Fed. R. Civ. P. 9(b) requires that "a party must state with particularity the circumstances constituting fraud or mistake." "To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, (8th Cir. 2006). In the present case, Plaintiffs do not allege that Defendant FAS engaged in any act that would constitute "deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact" that would be sufficient to even constitute an "unlawful practice" under the MMPA. None of the acts alleged are sufficient to state a claim.

Therefore, the Court should dismiss the claims of Plaintiffs Sean McDonnell and Blythe McDonnell for violations of the MMPA under Count I of the Plaintiffs' Petition against Defendant FAS.

## V. CONCLUSION

Plaintiffs have alleged no facts that would demonstrate that any of the services FAS performed were "in connection to" a transaction involving either Plaintiff, Sean McDonnell or Blythe McDonnell, and therefore has failed to state a claim upon which relief may be granted under the MMPA against Defendant FAS.

9

WHEREFORE Defendant Field Asset Services, LLC a/k/a Assurant Field Services, LLC respectfully requests this Court dismiss Counts I of Plaintiff's Petition for Damages against this Defendant for failure to state a claim upon which relief may be granted, and for such other and further relief as the Court deems just and proper.

MORROW•WILLNAUER•CHURCH, L.L.C.

By _____
    JAMES C. MORROW, #32658
    MARSHALL W. WOODY # 64251 (KS-000987)
8330 Ward Parkway, Suite 300
Kansas City, Missouri 64114
Telephone:  (816) 382-1382
Fax:  (816) 382-1383
Email:  jmorrow@mwcattorneys.com

ATTORNEY FOR DEFENDANT
FIELD ASSET SERVICES, LLC AKA
ASSURANT FIELD SERVICES, LLC

I hereby certify that the above and foregoing was filed with the Clerk of the Court via ECF on this 28th day of September 2017, with a copy of the same being served via electronic mail (ECF) by the Clerk of the Court on this 28th day of September 2017, to:

Jason K. Rew
OSWALD ROAM & REW LLC
601 NW Jefferson Street
Post Office Box 550
Blue Springs, Missouri 64013-0550

Thomas V. Bender
Dirk L. Hubbard
WALTERS BENDER STROHBEHN
& VAUGHAN, P.C.
2500 City Center Square
1100 Main Street
P.O. Box 26188
Kansas City, Missouri 64196

ATTORNEY FOR PLAINTIFFS

Benjamin F. Mann
Christopher C. Miles
HUSCH BLACKWELL, LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112

ATTORNEYS FOR DEFENDANT
NATIONSTAR MORTGAGE, LLC

_____
MARSHALL W. WOODY