IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| BLYTHE MCDONNELL & <br> SEAN MCDONNELL, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONSTAR MORTGAGE, LLC, <br> FIELD ASSET SERVICES, LLC a/k/a <br> ASSURANT FIELD ASSET SERVICES, <br> SOLUTIONSTAR FIELD SERVICES, LLC, <br> SPECTRUM FIELD SERVICES, INC., AND <br> SOUND MIND REAL ESTATE, LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No: 4:17-cv-000146-DGK |

**DEFENDANT SOUND MIND REAL ESTATE, LLC'S REPLY TO PLAINTIFFS' SUGGESTIONS IN OPPOSITION TO DEFENDANT SOUND MIND REAL ESTATE, LLC'S MOTION TO DISMISS COUNT I OF PLAINTIFF'S PETITION**

COMES NOW defendant, Sound Mind Real Estate, LLC ("Sound Mind"), by and through its counsel, Fox Galvin, LLC, and for its Reply to Plaintiffs' Suggestions in Opposition, states:

**INTRODUCTION**

Sound Mind's position here is straightforward. Plaintiffs fail to plead a viable Missouri Merchandising Practices Act ("MMPA") claim against Sound Mind because Sound Mind is not a "loan servicer" under the MMPA as Sound Mind never provided a service that was sold to, or purchased by, Ms. McDonnell in connection with her mortgage.

In asking this Court to dismiss Count I of plaintiffs' Amended Petition, Sound Mind relies on the following two points (which are further detailed and explained in its Motion to Dismiss). First, Sean McDonnell was never a "purchaser" and, therefore, lacks standing to bring

an action under the MMPA.  Second, there is no plausible factual basis to support plaintiffs' MMPA claim against Sound Mind because it is in no way a "loan servicer" as required by the Act.  In other words, plaintiffs cannot state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) against Sound Mind for violations of the MMPA because Sean McDonnell lacks standing to bring such claim against Sound Mind, and Sound Mind is not a "loan servicer" under the MMPA.

## ARGUMENT

**I.  Sean McDonnell lacks standing to bring a claim against Sound Mind under the MMPA**

Sean McDonnell cannot assert a plausible claim under the MMPA because he was never a "purchaser," nor was he a title holder to the property at issue. Sean McDonnell is neither the title nor record holder of the Property at issue in this lawsuit. Furthermore, there is no evidence or plausible allegation that Sean McDonnell purchased a mortgage loan in connection with the property in question.  Therefore, because Sean McDonnell did not make a "purchase" in connection with the claim he is making for damages, the MMPA does not authorize him to sue under the Act, and this Court should dismiss Sean McDonnell's claims against Sound Mind under Count I of plaintiffs' Amended Petition for failure to state a claim upon which relief may be granted.

**II.  There is no plausible factual basis for plaintiffs to assert that Sound Mind is a "loan servicer"**

Plaintiffs contend in their Suggestions in Opposition that the Amended Petition states a viable MMPA claim against Sound Mind because Sound Mind was acting on behalf of FAS, Solutionstar and Nationstar and in doing so, was performing mortgage loan services. This contention flies in the face of Missouri law and this Court's Order entered December 28, 2017. (ECF. No. 51)

As this Court noted in its December 28 Order, the Missouri Supreme Court in *Watson v. Wells Fargo Home Mortg., Inc.* held that a service is not in connection with the sale of a loan if "that was not a service the lender agreed to sell or the borrower agreed to buy when the parties agreed to the loan." *Watson v. Wells Fargo Home Mortg., Inc.*, 438 S.W.3d 404, 408 (Mo. 2014). Likewise, in *Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 895 (8th Cir. 2014), the Eighth Circuit analyzed the *Watson* (and *Conway*) decision in the context of determining whether a trustee under a deed of trust can be sued under the MMPA for carrying out its duties as a trustee. And in deciding whether such services are made "in connection with the sale" of a loan, it held:

> "the *Conway* court made clear that its rationale turned on the continuing nature of the lender-borrower relationship. As the court explained, "[b]ecause [the lender and the borrower] must continue to perform ... duties for the life of the loan, the sale continues throughout the time the parties perform their duties." Consequently, an action taken while performing these continuing duties is "in connection with" the sale of a loan. Unlike the defendants in *Conway* and *Watson*, [the trustee] did not assume a continuing duty to service the Wivells' loan. Instead, the deed of trust established a narrow, contingent role for [the trustee] in the event that the Wivells defaulted. Because [the trustee] did not "continue to perform" these duties 'for the life of the loan,' the rule established by *Conway* and *Watson* does not apply to a trustee."

*Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 895 (8th Cir. 2014) (quoting *Conway*, 438 S.W.3d at 415).

Here, Sound Mind's alleged role is more analogous to a trustee exercising power pursuant to some provision in a deed of trust than to a loan servicer. Unlike a loan servicer, Sound Mind did not play a continuous role in this loan transaction. Like the trustee in *Wivell*, Sound Mind only played a brief, limited role which was triggered by a contingent event (*i.e.*, plaintiffs' default on the loan).

Although Plaintiffs attempt to characterize Sound Mind as a loan servicer by arguing that "Sound Mind acted on behalf of FAS and ultimately Solutionstar and Nationstar in performing services pursuant to the mortgage loan," Pls. Suggestions in Supp., Sound Mind is in no way a "loan servicer." Sound Mind only provided property preservation services. This Court opined the same as to Defendant FAS. (ECF. No. 51) Property preservation services are not a service that was sold to,

or purchased by, Ms. McDonnell in connection with her mortgage. Sound Mind is only a third-party hired to perform certain work purportedly authorized by Section 9 of the deed of trust. As the Court noted in the above-mentioned Order, "to hold otherwise [as to Sound Mind] stretches the meaning of 'loan servicer' beyond the existing case law and common sense."

Therefore, just as this Court ordered that plaintiffs cannot maintain an MMPA claim against FAS in this case, the Court should order the same as to Sound Mind's role in this matter.

## CONCLUSION

Because the claims of plaintiffs are not plausible, Sound Mind respectfully asks this Court to grant its Motion to Dismiss Count I of plaintiffs' First Amended Petition.

WHEREFORE Defendant Sound Mind Real Estate, LLC respectfully requests this Court dismiss Count I of plaintiffs' First Amended Complaint against it for failure to state a claim upon which relief may be granted, and for such other and further relief as the Court deems just and proper.

FOX GALVIN, LLC


By: s/ Richard B. Korn
Richard B. Korn, # 06229621
rkorn@foxgalvin.com
One Memorial Drive, 12th Floor
St. Louis, MO 63102
(314) 588-7000
(314) 588-1965 (Fax)

Attorneys for Defendant
Sound Mind Real Estate, LLC

# CERTIFICATE OF SERVICE

      I hereby certify that on May 11, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will serve the following counsel of record:

| | |
|---|---|
| Mr. Jason K. Rew<br>Oswald Roam Rew & Fry, LLC<br>602 NW Jefferson Street<br>PO Box 550<br>Blue Springs, MO 64013<br>816-229-8121<br>816-229-0802 (Fax)<br>jrew@orrf-law.com | Mr. James C. Morrow<br>Mr. Marshall W. Woody<br>Morrow Willnauer Church, L.L.C.<br>8330 Ward Parkway, Suite 300<br>Kansas City, MO 64114<br>816-382-1382<br>816-382-1383 (Fax)<br>jmorrow@mwcattorneys.com |
| Mr. Thomas V. Bender<br>Mr. Dirk L. Hubbard<br>Walters Bender Strohbehn & Vaughan, PC<br>1100 Main Street<br>PO Box 26188<br>Kansas City, MO 64196<br>816-421-6620<br>816-421-4747 (Fax)<br>dhubbard@wbsvlaw.com<br>tbender@wbsvlaw.com | Attorneys for Defendant Field Asset Services, LLC a/k/a Assurance Field Services, LLC<br><br>Mr. Thomas B. Alleman<br>Dykema Cox Smith<br>1717 Main, Suite 4200<br>Dallas, TX 75201<br>214-698-7830<br>214-462-6401 (Fax)<br>talleman@dykema.com |
| Attorneys for Plaintiffs | Attorney for Defendant Nationstar Mortgage, LLC |

                                                /s/ Richard B. Korn