IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BLYTHE MCDONNELL & <br> SEAN MCDONNELL, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONSTAR MORTGAGE, LLC, <br> FIELD ASSET SERVICES, LLC a/k/a <br> ASSURANT FIELD ASSET SERVICES, <br> SOLUTIONSTAR FIELD SERVICES, LLC <br> SPECTRUM FIELD SERVICES, INC., <br> and SOUND MIND REAL ESTATE, LLC, <br><br> Defendants. | Case No. 4:17-cv-00146-DGK |

## ANSWER OF DEFENDANT SPECTRUM FIELD SERVICES, INC. TO PLAINTIFFS' FIRST AMENDED COMPLAINT

COMES NOW, Defendant, Spectrum Field Services, Inc., by and through the undersigned counsel, and for its Answer to Plaintiffs' First Amended Complaint states as follows:

## PARTIES, JURISDICTION & VENUE

1.  Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 1 of Plaintiffs' First Amended Complaint; therefore, Defendant denies the allegations.

2.  Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 2 of Plaintiffs' First Amended Complaint; therefore, Defendant denies the allegations.

3.  Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 3 of Plaintiffs' First Amended Complaint; therefore, Defendant denies the allegations.

4.  Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 4 of Plaintiffs' First Amended Complaint; therefore, Defendant denies the allegations.

5. Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 5 of Plaintiffs' First Amended Complaint; therefore, Defendant denies the allegations.

6. Defendant admits that Spectrum Field Services, Inc. is a Utah corporation. Defendant denies the remaining allegations of Paragraph 6 of Plaintiffs' First Amended Complaint.

7. Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 7 of Plaintiffs' First Amended Complaint; therefore, Defendant denies the allegations.

8. Defendant admits the allegations of Paragraph 8 of Plaintiff's First Amended Complaint.

## ALLEGATIONS COMMON TO ALL COUNTS
### Note and Deed of Trust

9. Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 9 of Plaintiffs' First Amended Complaint; therefore, Defendant denies the allegations.

10. Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 10 of Plaintiffs' First Amended Complaint; therefore, Defendant denies the allegations.

11. Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 11 of Plaintiffs' First Amended Complaint; therefore, Defendant denies the allegations.

12. Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 12 of Plaintiffs' First Amended Complaint; therefore, Defendant denies the allegations.

13. Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 13 of Plaintiffs' First Amended Complaint; therefore, Defendant denies the allegations.

14. Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 14 of Plaintiffs' First Amended Complaint; therefore, Defendant denies the allegations.

15. Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 15 of Plaintiffs' First Amended Complaint; therefore, Defendant denies the allegations.

### Inspection and Home Entry

16. Defendant admits that FAS retained Spectrum to perform an inspection of the premises on September 18, 2016. Defendant denies the remaining allegations of Paragraph 16.

17. Defendant admits the allegations of Paragraph 17 of the First Amended Complaint.

18. Defendant denies the allegations of Paragraph 18 of the First Amended Complaint.

19. Defendant admits that its independent contractor inspector left a notice on the door of the premises but denies the remaining allegations as stated in Paragraph 19 of the First Amended Complaint.

20. Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 20 of Plaintiffs' First Amended Complaint; therefore, Defendant denies the allegations.

21. Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 21 of Plaintiffs' First Amended Complaint; therefore, Defendant denies the allegations.

22. Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 22 of Plaintiffs' First Amended Complaint; therefore, Defendant denies the allegations.

23. Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 23 of Plaintiffs' First Amended Complaint; therefore, Defendant denies the allegations.

24. Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 24 of Plaintiffs' First Amended Complaint; therefore, Defendant denies the allegations.

25. Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 25 of Plaintiffs' First Amended Complaint; therefore, Defendant denies the allegations.

26. Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 26 of Plaintiffs' First Amended Complaint; therefore, Defendant denies the allegations.

27. Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 27 of Plaintiffs' First Amended Complaint; therefore, Defendant denies the allegations.

28. Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 28 of Plaintiffs' First Amended Complaint; therefore, Defendant denies the allegations.

29. Defendant denies the allegations of Paragraph 29 of Plaintiffs' First Amended Complaint.

30. Defendant denies the allegations of Paragraph 30 of Plaintiffs' First Amended Complaint.

31. Defendant denies each and every allegation of Paragraph 31 of Plaintiffs' First Amended Complaint, including subparts (a) – (g).

32. Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 32 of Plaintiffs' First Amended Complaint; therefore, Defendant denies the allegations.

33. Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 33 of Plaintiffs' First Amended Complaint; therefore, Defendant denies the allegations.

34. Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 34 of Plaintiffs' First Amended Complaint; therefore, Defendant denies the allegations.

## COUNT I
## VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT
### (R.S.MO. 407.020 *et seq.*)

35. Defendant incorporates herein by reference its responses to each and every allegation in Paragraphs 1 through 34 above.

36. Defendant denies the allegations as stated in Paragraph 36 of Plaintiffs' First Amended Compliant.

37. Paragraph 37 contains a statement of law to which no response is required. To the extent the Court deems a response to be required, Defendant denies the allegations of Paragraph 37.

38. Defendant denies the allegations of Paragraph 38 of Plaintiffs' First Amended Complaint.

39. Paragraph 39 contains a statement of law to which no response is required. To the extent the Court deems a response to be required, Defendant denies the allegations of Paragraph 37.

40. Defendant denies the allegation of Paragraph 40 of Plaintiffs' First Amended Complaint.

41. Defendant admits that Spectrum Field Services, Inc. received payment for its services. Defendant denies the remaining allegations of Paragraph 41 of Plaintiffs' First Amended Complaint.

42. Defendant denies each and every allegation of Paragraph 42 of Plaintiffs' First Amended Complaint, including subparts (a) – (v).

43. Defendant denies the allegations of Paragraph 43 of Plaintiffs' First Amended Complaint.

44. Defendant denies the allegations of Paragraph 44 of Plaintiffs' First Amended Complaint.

45. Defendant denies the allegations of Paragraph 45 of Plaintiffs' First Amended Complaint.

46. Defendant denies the allegations of Paragraph 46 of Plaintiffs' First Amended Complaint.

47. Defendant denies the allegations of Paragraph 47 of Plaintiffs' First Amended Complaint.

48. Defendant denies the allegations of Paragraph 48 of Plaintiffs' First Amended Complaint.

49. Defendant denies the allegations of Paragraph 49 of Plaintiffs' First Amended Complaint.

WHEREFORE having fully answered Count I of Plaintiffs' First Amended Complaint, Defendant Spectrum Field Services, Inc. prays to be dismissed from Plaintiffs' First Amended Complaint along with its costs.

## COUNT II
## COMMON LAW TRESPASS

Defendant makes no answer to Count II of Plaintiffs' First Amended Complaint as it is not alleged against this Defendant. To the extent an answer is required, Defendant denies all of the allegations in Count II of Plaintiffs' First Amended Complaint.

## COUNT III
## MALICIOUS TRESPASS (R.S.MO. 537.330)

Defendant makes no answer to Count III of Plaintiffs' First Amended Complaint as it is not alleged against this Defendant. To the extent an answer is required, Defendant denies all of the allegations in Count III of Plaintiffs' First Amended Complaint.

## COUNT IV
## CONVERSION

Defendant makes no answer to Count IV of Plaintiffs' First Amended Complaint as it is not alleged against this Defendant. To the extent an answer is required, Defendant denies all of the allegations in Count IV of Plaintiffs' First Amended Complaint.

## COUNT V
## BREACH OF CONTRACT

Defendant makes no answer to Count V of Plaintiffs' First Amended Complaint as it is not alleged against this Defendant. To the extent an answer is required, Defendant denies all of the allegations in Count V of Plaintiffs' First Amended Complaint.

## COUNT VI
## NEGLIGENCE

74. Defendant incorporates herein by reference its responses to each and every allegation in Paragraphs 1 through 73 above.

75. Paragraph 75 contains a statement of law to which no response is required. To the extent the Court deems a response to be required, Defendant denies the allegations of Paragraph 75.

76. Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 76 of Plaintiffs' First Amended Complaint; therefore, Defendant denies the allegations.

77. Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 77 of Plaintiffs' First Amended Complaint; therefore, Defendant denies the allegations.

78. Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 78 of Plaintiffs' First Amended Complaint; therefore, Defendant denies the allegations.

WHEREFORE having fully answered Count VI of Plaintiffs' First Amended Complaint, Defendant Spectrum Field Services, Inc. prays to be dismissed from Plaintiffs' First Amended Complaint along with its costs.

## AFFIRMATIVE DEFENSES

1. For further answer and defense, Defendant states that Plaintiffs' First Amended Complaint fails to state a claim upon which relief may be granted.

2. For further answer and defense, Defendant states that Plaintiffs' First Amended Complaint fails to state a claim for punitive damages and that Plaintiffs' First Amended Complaint fails to allege facts which meet the clear and convincing standards of proof required for the recovery of punitive damages.

3. For further answer and defense, Defendant states that if Plaintiffs sustained damages as alleged in Plaintiffs' First Amended Complaint, which Defendant specifically denies, the assessment of exemplary or punitive damages violates Defendants' constitutional rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Missouri, in one or more of the following respects:

(a) the guidelines, standards, and/or instructions for assessing exemplary or punitive damages are vague, are indefinite, are uncertain, supply no notice to defendant of the potential repercussions of their alleged conduct, set no limit on the damages that can be awarded, fail to require proof of every element beyond a reasonable doubt, are subject to the unbridled discretion of the jury, and do not allow adequate judicial review, thereby denying due process;

(b) the assessment of exemplary or punitive damages is criminal or penal in nature and, therefore, the rights given defendants in criminal proceedings are applicable;

(c) the assessment of exemplary or punitive damages amounts to the imposition of an excessive fine and/or cruel and unusual punishment;

(d) the assessment of exemplary or punitive damages exposes defendant to multiple punishments and fines for the same act;

(e) the assessment of exemplary or punitive damages constitutes double jeopardy;

(f) the assessment of exemplary or punitive damages discriminates against defendant in that defendant's corporate status, wealth, or net worth could be considered by the jury in determining the amounts of any such damage awards and different amounts can be awarded against different defendants for the same act depending solely on the status or material wealth of the various defendants, thereby denying equal protection under the law;

(g) the assessment of exemplary or punitive damages does not provide an adequate procedure for the determination of exemplary or punitive damages in violation of the equal protection and substantive and procedural due process requirements of the Missouri Constitution and the United States Constitution and in violation of the United States Supreme Court's decision in *Pacific Mutual Ins. Co. v. Haslip*, 499 U.S. 1 (1991);

(h) the assessment of exemplary or punitive damages constitutes an impermissible burden on interstate commerce; and

(i) the assessment of exemplary or punitive damages constitutes a violation of due process and other constitutional rights of defendant as set forth in the United States Supreme Court decision in *State Farm Mut. Auto. Ins. Co. v. Campbell*.

WHEREFORE having fully answered Plaintiffs' First Amended Complaint, Defendant Spectrum Field Services, Inc. prays to be dismissed from Plaintiffs' First Amended Complaint along with its costs

**DEFENDANT DEMANDS TRIAL BY JURY OF 12.**

HEPLERBROOM LLC

By: */s/ Katharine A. Watkins*
Thomas J. Magee No. 32871
Katharine A. Watkins No. 62052
211 N Broadway, Suite 2700
St. Louis, MO 63102
314-241-6160
314-241-6116 Fax
tm1@heplerbroom.com
kaa@heplerbroom.com
*Attorneys for Spectrum Field Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing(s) to the following: **Jason K. Rew**, Oswald, Roam Rew & Fry, LLC and **Thomas V. Bender**, **Dirk L. Hubbard**, Walters Bender Strohbehn & Vaughan, P.C., *Attorneys for Plaintiff*;

A courtesy copy was also emailed to the following: jrew@orrf-law.com; tbender@wbsvlaw.com; dhubbard@wbsvlaw.com.

*/s/ Katharine A. Watkins*