IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| BLYTHE and SEAN MCDONNELL, | ) | |
| | ) | |
| Plaintiffs/Counter-claim Defendants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONSTAR MORTGAGE LLC, and | ) | Case No. 4:17-cv-00146-DGK |
| | ) | |
| Defendant/Counter-claim Plaintiff, | ) | |
| | ) | |
| FIELD ASSET SERVICES, LLC a/k/a | ) | |
| ASSURANT FIELD ASSET SERVICES, | ) | |
| SOLUTIONSTAR FIELD SERVICES, LLC, | ) | |
| SPECTRUM FIELD SERVICES, INC., and | ) | |
| SOUND MIND REAL ESTATE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION TO DISMISS

This lawsuit alleges Defendant Nationstar Mortage LLC ("Nationstar"), the assignee on Plaintiff Blythe McDonnell's home mortgage deed of trust, and the other Defendants unlawfully entered her home and caused damage to it. Nationstar has filed a counterclaim alleging breach of the mortgage note and deed of trust.

Now before the Court is Defendant Sound Mind Real Estate, LLC's ("Sound Mind") Motion to Dismiss Count I of Plaintiffs' First Amended Complaint (Doc. 65). Because Count I of the First Amended Complaint (Doc. 54) fails to plead a viable Missouri Merchandising Practices Act ("MMPA") claim against Sound Mind, the motion is GRANTED.

### Standard of Review

A complaint may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal, a complaint must include "enough facts to state a

claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requires more than pleading "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.*

In reviewing the complaint, the court construes it liberally and draws all reasonable inferences from the facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009). The court generally ignores materials outside the pleadings but may consider materials that are part of the public record or materials that are necessarily embraced by the pleadings. *Miller v. Toxicology Lab. Inc.*, 688 F.3d 928, 931 (8th Cir. 2012). However, because the motion presents matters outside the pleadings, namely, a work order from Field Asset Services hiring Sound Mind to provide property preservation services, "the motion must be treated as one for summary judgment under Rule 56." *See* Fed. R. Civ. P. 12(d).

**Factual Background**

Count I of Plaintiffs' First Amended Complaint is brought under the MMPA, Mo. Rev. Stat. § 407.020-.025. The allegations relevant to that count and the pending motion are as follows:

Plaintiff Blythe McDonnell[1] granted a deed of trust secured by a house, in Kansas City, Missouri. On February 7, 2013, the deed of trust was assigned to Nationstar, apparently so it could service the loan. At some point, it is unclear when, Nationstar hired Defendant Spectrum Field Services, Inc., ("Spectrum") to inspect the premises.

---

[1] It appears Ms. McDonnell took out the mortgage. The Petition alleges Mr. McDonnell also has an ownership interest in the Property that Defendants harmed.

Spectrum inspected the property on September 18, 2016. Based on a comment from a neighbor, Spectrum reported the house was vacate. On September 20, 2106, Specturm left a notice on the door of the house stating that it had inspected the property and found it vacant. The notice advised Plaintiffs to call a specific telephone number in the event it was not vacant.

On September 21, 2016, Plaintiffs were at the house and saw the notice on the door. Plaintiff Sean McDonnell called the number the next day and advised that the house was not vacant, and that he did not permit anyone to enter the house.

Around this time, Defendant Field Asset Services, LLC, ("FAS") hired Sound Mind to perform property preservation services at the house. On September 24, 2016, Sound Mind—acting on behalf of Nationstar, FAS, and Defendant Solutionstar Field Services, LLC—entered the property by climbing over a locked fence and mowed the grass, trimmed the trees, and removed personal items from the yard. Later that same day, Mr. McDonnell called the phone number again and reiterated that Defendants were not allowed or permitted to return to the property.

On September 25, 2016, Sound Mind entered the house, changed the lock on the back door, and winterized the house. As part of winterizing the house, its employees turned off power at the breaker box, which rendered the home's sump pump inoperable. A rainstorm subsequently caused water to enter the partially finished basement; it could not be pumped out, and standing water caused significant damage in the basement.

Nationstar, though other Defendants, retained Sound Mind pursuant to Section 9 of the Deed of Trust, which governs how the lender protects its interest in the Property. In relevant part, Section 9 states:

> If . . . (c) Borrower has abandoned the Property, then Lender *may* do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including . . . securing and/or repairing the Property. .

> . . Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender *may* take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so.

Deed of Trust (Doc. 5-1, Ex. 2) (emphasis added).

## Discussion

In relevant part, the MMPA prohibits

> [t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce.

Mo. Rev. Stat. 407.020.1. Plaintiffs reason the Petition states a viable MMPA claim against Sound Mind because Sound Mind was acting on Nationstar's behalf and Nationstar was performing loan services, thus Sound Mind was performing services pursuant to and in connection with the original loan agreement.

The Missouri Supreme Court has held that the MMPA applies to downstream purchasers of a loan note as well as companies that service mortgage loans. *See Conway v. Citimortgage, Inc.*, 438 S.W.3d 410, 414 (Mo. 2014). In another decision handed down the same day as *Conway*, however, it held a service is not in connection with the sale of a loan if "that was not a service the lender agreed to sell or the borrower agreed to buy when the parties agreed to the loan." *Watson v. Wells Fargo Home Mortg., Inc.*, 438 S.W.3d 404, 408 (Mo. 2014).

The Eighth Circuit analyzed these decisions in the context of determining whether a trustee under a deed of trust can be sued under the MMPA for carrying out its duties as a trustee. In deciding whether such services are made "in connection with the sale" of a loan, it held:

4

> the *Conway* court made clear that its rationale turned on the continuing nature of the lender-borrower relationship. As the court explained, "[b]ecause [the lender and the borrower] must continue to perform ... duties for the life of the loan, the sale continues throughout the time the parties perform their duties." Consequently, an action taken while performing these continuing duties is "in connection with" the sale of a loan. Unlike the defendants in *Conway* and *Watson*, [the trustee] did not assume a continuing duty to service the Wivells' loan. Instead, the deed of trust established a narrow, contingent role for [the trustee] in the event that the Wivells defaulted. Because [the trustee] did not "continue to perform" these duties "for the life of the loan," the rule established by *Conway* and *Watson* does not apply to a trustee.

*Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 895 (8th Cir. 2014) (quoting *Conway*, 438 S.W.3d at 415).

The question here is whether Sound Mind's alleged role is more analogous to a loan servicer or to a trustee exercising power pursuant to some provision in a deed of trust. Unlike a loan servicer, Sound Mind did not play a continuous role in this loan transaction. Like the trustee in *Wivell*, it played a brief, limited role which was triggered by a contingent event, namely a purported default on the loan. Although Plaintiffs attempt to characterize Sound Mind as a loan servicer by arguing it provided services "in connection with" the original loan transaction, Sound Mind is not analogous to a loan servicer. It provides property preservation services, and property preservation services are not a service that was sold to, or purchased by, Ms. McDonnell in connection with her mortgage. Sound Mind is simply a third-party that was hired by a third-party that was hired by Nationstar to perform certain work purportedly authorized by Section 9 of the deed of trust. To hold otherwise stretches the meaning of "loan services" beyond the caselaw and common sense.

Consequently, Plaintiffs cannot maintain an MMPA claim against Sound Mind in this case. Additionally, because by operation of Rule 12(d) the motion is transformed into one for summary

5

judgment, Sound Mind is entitled not just to dismissal of Count One, but to summary judgment on Count One.

## Conclusion

For the reasons discussed above, the Court enters summary judgment for Sound Mind on Count I.

**IT IS SO ORDERED.**

Date:  May 22, 2018                    /s/ Greg Kays
                                       GREG KAYS, CHIEF JUDGE
                                       UNITED STATES DISTRICT COURT