IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BLYTHE MCDONNELL, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:17-cv-00146-DGK |
| | ) |
| NATIONSTAR MORTGAGE, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## AMENDED SCHEDULING AND TRIAL ORDER

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, and upon consideration of the parties' views in the matter, the schedule below is hereby established.

## Key Dates

1. Motions to join additional parties shall be filed on or before September 14, 2018.
2. Motions to amend the pleadings shall be filed on or before September 14, 2018.
3. Discovery motions shall be filed on or before February 15, 2019.
4. Discovery shall be completed on or before March 1, 2019.
5. Any motion pertaining to collateral estoppel, including any motion to establish facts by collateral estoppel, shall be filed on or before March 8, 2019.
6. Plaintiff's expert designations shall be filed on or before November 30, 2018.
7. Defendant's expert designations shall be filed on or before December 31, 2018.
8. Rebuttal expert designations shall be filed on or before January 30, 2019.
9. Dispositive motions shall be filed on or before April 1, 2019.
10. Motions to strike expert designations shall be filed on or before April 1, 2019.
11. Motions in limine shall be filed twenty-one (21) days prior to the pretrial conference.
12. Deposition designations shall be filed fourteen (14) days prior to the pretrial conference.
13. Statement of uncontroverted facts; stipulation as to the admissibility of evidence; witness lists; exhibit lists; list of remaining claims; objections to deposition designations; and, deposition designations by party defending against an affirmative claim shall be filed seven (7) days prior to the pretrial conference.
14. The pretrial conference is scheduled to be held at 10:00 a.m. on September 10, 2019.
15. Jury instructions and voir dire questions shall be filed fourteen (14) days prior to trial.
16. Trial briefs shall be filed seven (7) days prior to trial.
17. The trial is scheduled to commence at 8:00 a.m. on September 30, 2019 for 5 days.

### Amendment of Pleadings

1. Any motion to join additional parties shall be filed on or before <u>September 14, 2018</u>.

2. Any motion to amend the pleadings shall be filed on or before <u>September 14, 2018</u>.

### Discovery

1. **Motions**. All discovery motions shall be filed two weeks prior to the final discovery deadline, on or before <u>February 15, 2019</u>. The Court will not entertain any discovery motion absent full compliance with Local Rule 37.1. Any discovery motion filed without complying with Local Rule 37.1 will be denied. **Except in extraordinary circumstances, problems with discovery which are not brought to the Court's attention in time for the opponent to make a proper response and the Court to make an informed ruling before the close of discovery will be waived.**

2. **Final Discovery Deadline**. All pretrial discovery authorized by the Federal Rules of Civil Procedure shall be completed (not simply submitted) on or before <u>March 1, 2019</u>. Accordingly, all discovery requests and depositions shall be submitted, responded to, and/or taken prior to the date specified in this paragraph and all disputed issues shall be brought to the Court's attention and resolved prior to this time.

3. **Expert Witnesses**. Any witness who will give an expert opinion is an expert witness. Plaintiff shall designate any expert witnesses it intends to call at trial on or before <u>November 30, 2018</u>, and Defendant shall designate any expert witnesses it intends to call at trial on or before <u>December 31, 2018</u>. This requirement applies to all witnesses—retained or non-retained—from whom expert opinions will be elicited at trial. Rebuttal experts shall be designated on or before <u>January 30, 2019</u>. All expert witnesses must submit an expert report as

provided in paragraph 4, with a partial exception for treating physicians as discussed in paragraph 5.

4. **Affidavits for Experts**. Along with each party's designation of expert witnesses, each party shall provide the other parties with an affidavit from each expert witness. The affidavit shall include a complete statement of all opinions to be expressed and the basis and reasons therefore, the data or other information considered by the witness in forming the opinions, any exhibits to be used as a summary of or support for the opinions, the qualifications of the witness (including a list of all publications authored by the witness within the preceding ten years), the compensation to be paid for the study and testimony, and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. Expert witnesses may testify only as to matters contained in the affidavit described above unless leave of Court is granted upon good cause shown.

5. **Treating Physicians**. With respect to treating physicians who will testify as to treatment provided, the requirements of paragraph 4 of this section may be satisfied by providing a copy of all the treating physician's files, records and notes relating to the treating physician's patient to the opposing party. For the purpose of this paragraph, a "treating physician" is a doctor (including psychiatrist, dentist or other practitioner of the healing arts) retained by a party prior to retaining counsel in this matter. A treating physician will not be allowed to give expert testimony beyond the treatment provided by said physician unless designated as an expert as required under paragraph 3 of this section. A treating physician who will provide expert testimony beyond the treatment provided by him or her must further comply with the requirements of paragraph 4 of this section.

## Motions

1. **Dispositive Motions.** All dispositive motions, except those under Rule 12(h)(2) or (3), shall be filed on or before <u>April 1, 2019</u>. All dispositive motions shall have a separate section wherein each statement of fact is individually numbered so that any party opposing such motion may refer specifically to a genuine dispute of material fact. Suggestions in opposition to a dispositive motion shall begin with a concise listing of material facts as to which the party contends a genuine dispute exists. All motions for summary judgment shall comply with Local Rules 7.0 and 56.1.

2. *Daubert* **Motions**. All motions to strike expert designations or preclude expert testimony premised on Federal Rule of Evidence 702 or *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) shall be filed on or before <u>April 1, 2019</u>. The deadline for filing motions in limine does not apply to these motions. Failure to file a *Daubert* motion prior to this deadline will constitute a waiver of any arguments based on *Daubert*.

3. **Choice of Law Motions.** All motions for an order determining choice of law shall be filed on or before the deadline to file dispositive motions. While such motions may be filed any time before then, the Court cautions the parties that it may defer ruling on a choice of law motion if the parties have not presented a factual record full enough to permit the Court to properly undertake the appropriate analysis. Of course, some choice of law issues may not require a full factual record and may be amenable to resolution relatively early in the litigation.

4. **Motions for Extension of Time**. All motions for extension of time pursuant to Rules 6(b), 31, 33, 34, or 36 must state:

   a. The date when the pleading, response or other action is/was first due;

b. The number of previous extensions and the date the last extension expires;

c. The cause for the requested extension, including a statement as to why the action due has not been completed in the allotted time; and

d. Whether the requested extension is approved or opposed by opposing counsel (agreement by counsel of a requested extension is not binding on the Court).

5. **Motions Pertaining to Collateral Estoppel.** Any motion pertaining to collateral estoppel, for example, a motion to apply collateral estoppel or to establish facts by collateral estoppel, shall be filed be filed on or before March 8, 2019.

**Pretrial Conference & Filings Due Prior to Pretrial Conference**

1. **Pretrial Conference.** A final pretrial conference in this case will be held at 10:00 a.m. on September 10, 2019, via telephone conference.* To avoid any reception issues, all participants in the telephone conference shall participate in the call from a landline, not a cell phone. **The call shall be initiated by plaintiff's counsel.** The Court's telephone number is 816-512-5602. Lead trial counsel shall participate in this conference. The agenda for this conference will include:

a. Identification of facts not in dispute to which the parties will stipulate, in order to save trial time;

b. Identification of legal and factual issues to be tried;

c. Disposition of pending motions;

d. Discussion of any legal questions which must be resolved prior to trial;

e. Discussion of any suggestions by counsel to simplify and expedite the trial; and

f. Discussion of the status and likely success of settlement negotiations.

---

\* In some instances, the Court may require counsel to appear in person for the pretrial conference.

2. **Pretrial Filings**. To improve the quality of trial through more thorough preparation, the attorneys must meet and confer at least three (3) days prior to the deadlines contained in Paragraphs c, d, e and f below to identify what is truly in dispute and to facilitate the admission of uncontroverted evidence.

    a. **Motions in limine.** Twenty-one (21) days prior to the pretrial conference, motions in limine shall be filed. Responses to motions in limine shall be filed at least fourteen (14) days prior to the pretrial conference.

    b. **Deposition Designations**. Fourteen (14) days prior to the pretrial conference, each party asserting claims for relief (plaintiff, third-party plaintiff, counterclaiming defendant, etc.) or asserting an affirmative claim shall file and serve a designation, by page and line number, of any deposition testimony to be offered in evidence as a part of that party's case. This party shall also file the deposition transcript so the Court may review it.

    Seven (7) days prior to the pretrial conference, each party defending against an affirmative claim for relief shall file and serve:

        i. A motion listing any objections to proposed deposition testimony designated by any other party;

        ii. A designation, by page and line number, of any deposition testimony to be offered as cross-examination to deposition testimony designated by other parties; and

        iii. A designation, by page and line number, of any deposition testimony to be offered in evidence as part of that party's case-in-chief in connection with such defense.

    On or before the date of the pretrial conference, each party shall serve, file and deliver to all other parties its motion objecting to any deposition testimony designated pursuant to subparagraphs ii. and iii. above.

    c. **Stipulation of Uncontroverted Facts.** Seven (7) days prior to the pretrial conference, stipulation of uncontroverted facts shall be filed. If no stipulated facts can be agreed upon, including facts related to the Court's subject matter jurisdiction, the parties shall file a joint statement to that effect. Notwithstanding the fact that the time for discovery will have closed, a request to stipulate, if preserved in the record, will constitute a request for admission

under Rule 36 and failure to stipulate may be subject to sanctions under Rule 37(c).

d. **Stipulation as to the Admissibility of Evidence.** Seven (7) days prior to the pretrial conference, stipulation as to the admissibility of evidence shall be filed when the identification and foundation of the exhibit is not contested. Notwithstanding the fact that the time for discovery will have closed, a request to stipulate, if preserved in the record, will constitute a request for admission under Rule 36 and failure to stipulate may be subject to sanctions under Rule 37(c).

e. **Witness Lists.** Seven (7) days prior to the pretrial conference, witness lists shall be filed. Each party shall file and serve a list of all witnesses who may be called at trial. If a witness is not listed by a party, that witness will not be permitted to testify absent leave of Court and then only for the purpose of unanticipated rebuttal or impeachment. No supplemental or amended witness lists will be allowed without leave of Court and for good cause. To aid in voir dire, the parties shall list each witness's hometown.

f. **Exhibit Lists.** Seven (7) days prior to the pretrial conference, exhibit lists shall be filed. Each party will file and serve a list of all exhibits which may be offered at trial. Additionally, each party shall make its exhibits available for inspection by the other parties prior to the pretrial conference. The parties shall also prepare and provide to the courtroom deputy an exhibit index, with said index being prepared on a form provided by the clerk's office. Each exhibit will be designated as either "Plaintiff's" or "Defendant's." Plaintiff shall number their exhibits beginning with the number 1. Defendant shall number their exhibits beginning with the number 501. If an exhibit consists of more than one (1) page or part, the number of pages or parts shall be included in the description on the exhibit index. It is not necessary to list exhibits to be used only for impeachment or rebuttal purposes. Failure to list an exhibit or to disclose an exhibit to adverse counsel as required by this order will result, except upon a showing of good cause, in the non-admissibility of the exhibit into evidence at the trial. No supplemental or amended list of exhibits will be allowed without leave of Court and for good cause.

g. **Remaining Claims**. Seven (7) days prior to the pretrial conference, each party shall file a schedule of claims, counterclaims and affirmative defenses that remain outstanding, along with the elements of each claim, citing authority for such elements.

## Trial and Filings Due Prior to Trial

1. **Trial**. This case is scheduled for jury trial commencing at <u>8:00 a.m.</u> on <u>September 30, 2019</u>, at the United States Courthouse, Courtroom 8D, in Kansas City, Missouri.

2. **Trial Filings**. The following documents shall be filed prior to trial:

    a. **Jury Instructions.** Fourteen (14) days prior to trial, the parties shall jointly* file an annotated (with sources) set of proposed jury instructions. Proposed annotated instructions shall reflect the authorities upon which the instruction is based and should be taken from or drawn in the manner of *Model Civil Jury Instructions for the District of Courts of the Eighth Circuit* and/or *Missouri Approved Instructions* (MAI) where available and appropriate. All instructions shall be designated as "Instruction No. ___" without indicating which party proposed the instruction.

    > *Separate instructions are appropriate only when the parties cannot agree upon a specific instruction. In that instance, counsel shall state in writing the reason for the objection with authority cited as well as an alternative instruction. The deadline for submitting objections and alternative proposed instructions is fourteen (14) days before the date of trial.

    Parties shall also email an original (without sources) and an annotated (with sources) set of instructions to the courtroom deputy. The instructions should be typed in **Microsoft Word** format.

    b. **Voir Dire.** Fourteen (14) days prior to trial, counsel for each party shall file a list of proposed questions or topics for voir dire examination to be propounded by the Court.

    c. **Trial Brief.** Seven (7) days prior to trial, counsel for each party shall file a trial brief stating the factual and legal contentions for the party for whom the trial brief is filed. The trial memorandum shall contain: a general statement of the case, citation of the authority upon which the party relies on unresolved legal issues, a general statement of the evidence to be offered, and a statement of any evidentiary or procedural problem expected to arise, with citations of authority.

    d. **List of Individuals at Each Party's Table.** To aid in voir dire, four (4) days prior to trial, counsel for each party shall file a list identifying all individuals who will be sitting at their table anytime during the trial. Because the court will ask the jury panel if they recognize anyone in the courtroom, each person must be present, at least briefly, during voir dire. Any person not introduced

to the jury during voir dire may not appear before the rail at any time during the trial.

3. **Trial Procedure**. The Court will place time limits on opening statements and direct and cross-examination of all witnesses. Counsel should be prepared to support their representations as to the length of trial.

4. **Trial Rules**. In order to ensure the efficient use of time during trial:

   a. All legal issues must be raised in advance of trial by written motions and in accordance with this scheduling order;

   b. Motions will not be heard during trial without a strong showing that counsel could not, by due diligence, have raised them sooner;

   c. Testimony will not be interrupted to deal with evidentiary matters that could have been heard in advance of trial. The Court will consider those matters during recess, at noon break, or at the end of the day. Counsel should be prepared with a pinpoint citation to relevant written legal authority for their positions;

   d. Witnesses who will be testifying from exhibits or about exhibits should review them immediately prior to testifying; and

   e. Counsel shall show opposing counsel any exhibits they intend to use prior to a witness testifying.

## Failure to Appear/Comply

Failure of counsel to appear at any scheduled final pretrial conference, or otherwise to comply with the provisions of this order, may result in dismissal or default, as may be appropriate.

**IT IS SO ORDERED.**

                                            /s/ Greg Kays
                                            GREG KAYS, CHIEF JUDGE
                                            UNITED STATES DISTRICT COURT

DATED: September 5, 2018