IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| BLYTHE and SEAN MCDONNELL, | ) | |
| | ) | |
| Plaintiffs/Counter-claim Defendants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONSTAR MORTGAGE LLC, and | ) | Case No. 4:17-cv-00146-DGK |
| | ) | |
| Defendant/Counter-claim Plaintiff, | ) | |
| | ) | |
| FIELD ASSET SERVICES, LLC a/k/a | ) | |
| ASSURANT FIELD ASSET SERVICES, | ) | |
| SOLUTIONSTAR FIELD SERVICES, LLC, | ) | |
| SPECTRUM FIELD SERVICES, INC., and | ) | |
| SOUND MIND REAL ESTATE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER DENYING WITHOUT PREJUDICE MOTION TO FILE UNDER SEAL</u>**

This lawsuit alleges the assignee on Plaintiff Blythe McDonnell's home mortgage deed of trust, Defendant Nationstar Mortage LLC ("Nationstar"), and the other Defendants unlawfully entered her home and damaged it. Nationstar has filed a counterclaim alleging breach of the mortgage note and deed of trust.

Now before the Court is Nationstar and Defendant Solutionstar Field Services, LLC's Motion for Leave to File Motions for Summary Judgment, Memorandum of Law in Support of Their Motions for Summary Judgement, and Exhibits Under Seal (Doc. 140). Nationstar and Defendant Solutionstar Field Services, LLC ("Defendants") seek to file everything associated with their motions for summary judgment under seal. In support of the motion to file under seal, Defendants correctly state that "*some* of the exhibits and cited portions of those exhibits within the Motions and Memorandum of Law in Support of the Motions contain proprietary and

confidential information which is subject to the protective order previously granted by this Court for those materials." Mot. at 1 (emphasis added).

There is a common law presumption that judicial records are open to the public. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Jessup v. Luther*, 277 F.3d 926, 928-30 (7th Cir. 2002) (Posner, J.) ("The general rule is that the record of a judicial proceeding is public."). This presumption is based not only on the values underlying the free-speech and free-press clauses of the First Amendment, but also on the fact that the public cannot adequately monitor the judiciary's performance if records of judicial proceedings are kept secret. *Jessup,* 277 F.3d at 928.

The fact that some of the exhibits in this case (and with respect to several exhibits, just a small portion of the exhibits) contain some proprietary and confidential information does not justify sealing everything associated in any way, shape, or form with the motions. For example, both Defendants seek leave to file under seal a copy of the First Amended Complaint (Docs. 142-3, 144-1). Obviously, the First Amended Complaint is a publicly available document which does not contain any information which is proprietary or confidential and should not be sealed.

It appears Defendants have simply filed an overbroad request. Accordingly, the motion is DENIED WITHOUT PREJUDICE. To give Defendants ample time to file a revised motion, the Court will not unseal the documents until April 11, 2019.

If Defendants choose to renew the motion, it should carefully identify those portions of the record that actually contain proprietary and confidential information. It should then seek leave to file two copies of any document containing proprietary or confidential information: (1) an unredacted sealed copy for the Court's use; and (2) a copy for public viewing that has had any proprietary or confidential information redacted. Defendants should seek to make a document

completely unavailable for public viewing only where all, or nearly all, of the document contains proprietary or confidential information.

**IT IS SO ORDERED.**

Date:  April 4, 2019               /s/ Greg Kays
                                   GREG KAYS, JUDGE
                                   UNITED STATES DISTRICT COURT